# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | |
|---|---|
| GREG LACKEY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 04-4120-CV-C-NKL ) |
| JO ANNE B. BARNHART,<br>Commissioner of Social Security, | ) ) ) |
| Defendant. | ) ) |

## ORDER

Pending before the Court is Plaintiff Greg Lackey's ("Lackey") Motion for Summary Judgment [Doc. 18]. Lackey seeks judicial review of the Commissioner's denial of his request for Period of Disability, Disability Insurance Benefits, and Supplemental Security Income Benefits, under Titles II and XVI of the Social Security Act. Having reviewed the record, the Court affirms the Administrative Law Judge's ("ALJ") decision.

On August 7, 2003, following a hearing, the Administrative Law Judge ("ALJ") found that Lackey was not entitled to benefits under the Act and such determination became a final decision of the Commissioner upon the Appeals Council's denial of Lackey's request for review. Judicial review is appropriate because Lackey has exhausted his administrative remedies.

1

**I.     Standard of Review**

To be eligible for disability benefits, a claimant has the initial burden of establishing that he or she has a "disability" under 42 U.S.C. § 423(a)(D). *Roth v. Shalala*, 45 F.3d 279, 282 (8th Cir. 1995) (citation omitted). To meet this burden, a claimant must show that (1) he or she has a medically determinable physical or mental impairment that has lasted, or can be expected to last, for at least twelve months; and (2) he or she is unable to engage in any substantial gainful activity by reason of the impairment. *Timmerman v. Weinberger*, 510 F.2d 439, 442 (8th Cir. 1975); 42 U.S.C. §§ 423(d)(1)(A) and 1382c(a)(3)(A). A claimant must also demonstrate that the impairment has made him or her unable to return to past relevant work.

If the claimant meets these threshold requirements, the burden shifts to the Commissioner to show that, although the plaintiff cannot return to previous employment, he or she is able to engage in another kind of substantial gainful employment, considering the claimant's age, education, and work experience. 42 U.S.C. §§ 423(d)(2)(A) and 1382c(a)(3)(B).

In an appeal from a final decision of the Social Security Administration, the Court's review is limited to determining whether the Commissioner applied the correct standard of law and whether the Commissioner's factual findings are supported by substantial evidence. 42 U.S.C. § 405(g); *Groeper v. Sullivan*, 932 F.2d 1234, 1237 (8th Cir. 1991). "Substantial evidence" is defined as relevant evidence that a reasonable mind might accept as adequate to support the ALJ's decision. *Smith v. Shalala*, 987 F.2d 1371,

1373-74 (8th Cir. 1993). This standard is less burdensome than a preponderance of the evidence. *Oberst v. Shalala*, 2 F.3d 249, 250 (8th Cir. 1993).

In determining whether substantial evidence supports the Commissioner's findings, the Court must look at the record as a whole and consider "evidence that detracts from the Secretary's decision as well as evidence that supports it." *Woolf v. Shalala,* 3 F.3d 1210, 1213 (8th Cir. 1993) (citation omitted). In doing so, however, the Court must not resolve factual conflicts as if it were the trier of fact. *See Benskin v. Bowen*, 830 F.2d 878, 882 (8th Cir. 1987) ("questions of fact, including the credibility of a claimant's subjective testimony, are primarily for the Secretary to decide, not the courts."). Even if the Court would have weighed the evidence differently, it must affirm a denial of benefits if the ALJ's decision is adequately supported. *Browning v. Sullivan*, 958 F.2d 817, 822 (8th Cir. 1992).

**II.    Background**

After consideration of the entire record, the ALJ determined that Lackey suffers from arthritis of the left wrist, blindness of the left eye, and a seizure disorder. However, the ALJ found that the seizure disorder is not severe, and that neither Lackey's arthritis nor his partial blindness meets or equals the criteria set forth for any impairment found in the Listing of Impairments. Although the ALJ found that Lackey's impairments preclude him from performing his past relevant work as a painter, the ALJ found that Lackey retains sufficient residual functional capacity to perform other work in the national

economy. The ALJ's decision was based in part on his conclusion that Lackey was not a credible witness.

**III. Discussion**

Lackey challenges the ALJ's decision on only one ground: that the ALJ did not consider the extent to which Lackey was impaired by pain associated with his physical condition. Lackey claims that his pain is "well documented by several physicians." Pl. Br. at 7. Specifically, Lackey claims that Dr. James Allen noted Lackey's pain in October 2001, and that Dr. Krautmann made some statements relevant to Lackey's pain in April 2002.

The medical records Lackey has cited do not support his claim of disabling pain. The records merely corroborate what is undisputed in this case—that Lackey experiences some degree of pain related to his prior accident. Dr. Allen stated in October 2001 that Lackey told him that he was unable to paint houses because his left hand would swell and become painful and weak. (Tr. 162). Lackey also reported to Dr. Allen that his knee would hurt after standing for about two hours, and that he would sometimes experience severe migraine-like headache pain in the left periorbital area. (Tr. 162, 163). In April 2002, Dr. Krautmann noted that Lackey was "quite tender across the carpus which is somewhat swollen." (Tr. 171.) Dr. Krautmann stated that he would prescribe Celebrex to see if it might help the pain. (Tr. 171.)

While these records reveal that Lackey experiences pain, they do not establish that the pain is so severe that Lackey cannot work in any occupation. Indeed, Dr. Allen's

4

records suggest quite the opposite. Dr. Allen reported that Lackey was taking only Aleve and aspirin for pain management in October 2001. (Tr. 163.) In addition, although Dr. Allen reported that Lackey's left wrist was less flexible and weaker than his right wrist, Dr. Allen noted that Lackey was able to make a fist, extend his finders, and oppose his fingers. More significantly, Dr. Allen reported that Lackey was able to drive his 12-passenger van from the parking lot without difficulty, and that he could use his left hand to open doors without difficulty. (Tr. 164.) Accordingly, the medical records are not inconsistent with the ALJ's finding that Lackey is incapable of performing any occupation in the national economy.[1]

## IV. Conclusion

An examination of the ALJ's decision reveals that it is supported by substantial evidence on the record as a whole. Accordingly, it is hereby ORDERED that Plaintiff's Motion for Summary Judgment [Doc. 18] is DENIED. The decision of the Commissioner is affirmed.

s/ Nanette K. Laughrey<br>
NANETTE K. LAUGHREY<br>
United States District Judge

Dated: May 3, 2005
Jefferson City, Missouri

---

[1] Lackey has not argued that the ALJ erred in finding that he was not a credible witness with respect to his subjective complaints of disabling pain. Accordingly, the Court does not reach that issue.